SENTELLE, Chief Judge,
dissenting:
Although I am largely in agreement with the majority’s analysis, that analysis leads me to a different conclusion, and I therefore respectfully dissent.
The majority is clearly correct that FOIA Exemption 6, 5 U.S.C. § 552(b)(6), permits the withholding of the Compliance File and Geographic Information System (“GIS”) database if such disclosure “would constitute a clearly unwarranted invasion of personal privacy.” Id.; Maj. Op. at 1227. The majority is further correct in acknowledging that “ ‘Congress’ primary purpose in enacting Exemption 6 was to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information.’ ” Maj. Op. at 1228 (quoting U.S. Dep’t of State v. Wash. Post Co., 456 U.S. 595, 599, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982) (emphasis the majority’s)). I remain in concurrence with the majority as it acknowledges, obedient to Washington Post, that the protection of Exemption 6 extends to cover “‘detailed Government records on an individual which can be identified as applying to that individual.’ ” Maj. Op. at 1228 (quoting Wash. Post, 456 U.S. at 602, 102 S.Ct. 1957), and when it recognizes that “[w]ere we to deem an individual’s financial interest unprotected by Exemption 6 simply because it is found in a business record, a cardinal purpose of Exemption 6 would not be served.” Maj. Op. at 1228 (citing Nat’l Ass’n of Retired Fed. Employees v. Horner, 879 F.2d 873, 875 (D.C.Cir.1989)). As the majority further recognizes, “approximately ninety-eight percent of the farms represented in the files are ‘family-owned,’ ” so that “the financial makeup of the businesses mirrors the financial situation of the individual family members.” Maj. Op. at 1229 (internal quotation marks omitted). The majority then reaches the inescapable conclusion that at least as to a significant portion of the farms described in the database, the crop information would be easily traceable to individuals.
I join the majority’s further reasoning when it concludes that the disclosure of data bearing directly on the value of the producer’s land and therefore, upon the wealth and income of the producer compromises the privacy interest of the farmer *1234 and “that the privacy interest that would be compromised by disclosure of the files is greater than de minimis.” Maj. Op. at 1230. It is only when the majority weighs the privacy interest in nondisclosure against the public interest in the disclosure of the records that I find myself in disagreement. Instead, I agree with the district court that the public interest involved in the disclosure of these files sits lightly upon the scales of balance.
As the district court noted, and the majority acknowledges, there is a “ ‘drastically deereas[ed]’ public interest in disclosure of the Compliance File because it does not include payment information connecting its data to specific subsidies.” Maj. Op. at 1231 (quoting Multi AG Media LLC, 2006 WL 2320941, at *5). As the district court further noted, given the volume of other information already disclosed from other databases, and the salient fact that the files in dispute contain no information about USDA subsidies, “[disclosing the withheld information in the Compliance file would merely reveal information about private citizens, without shedding any light on the government’s activities.” 2006 WL 2320941, at *5. Like the district court, and not unlike the majority, I find Multi Ag’s argument that there is no invasion (or no more than a minimal invasion) of the privacy interests of the farmers most unconvincing. That argument depends upon the proposition that there is much more financial information in the universe of facts about the individual farmers that will not be disclosed than there is information being disclosed. To me this makes no more sense than saying it would be acceptable for the government to disclose the contents of tax returns because they do not provide information concerning the holdings or expectations of the taxpayer and therefore would constitute no invasion of privacy. That proposition makes so little sense that there are specific regulations and statutes protecting the privacy of the taxpayer. See, e.g., 26 U.S.C. § 7213 (making it a felony for federal or state employees willfully to disclose tax return information); 18 U.S.C. § 1905 (imposing criminal penalties on federal employees disclosing, inter alia, the “amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association”). It seems to be well accepted that it would be unfair for the government to compel taxpayers to disclose information and then allow that information to be spread at large without regard to the privacy of the taxpayer. Today’s ruling puts the farmers in the same circumstances we would not impose upon other citizens and taxpayers. I therefore would affirm the conclusion and judgment of the district court that the privacy interest protected by Exemption 6 would outweigh the light public interest in disclosure.
Again, although I join in most of the reasoning of the majority, I dissent from its conclusion.